**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSEPH RYAN,

              Plaintiff-Appellee,

v.

ROBERT FABELA, VTA General
Counsel, in his individual capacity and in
his official capacity,

              Defendant-Appellant.

No. 18-15232

D.C. No. 5:16-cv-04032-LHK

**MEMORANDUM**[*]

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Argued and Submitted March 15, 2019
San Francisco, California

Before: W. FLETCHER, WATFORD, and HURWITZ, Circuit Judges.

Robert Fabela appeals the district court's denial of summary judgment on

the basis of qualified immunity in Joseph Ryan's action against him under 42

U.S.C. § 1983. Ryan contends he was fired from his position as senior assistant

counsel within the General Counsel's office of a regional transportation agency in

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

retaliation for his First Amendment-protected speech. We have jurisdiction under 28 U.S.C. § 1291 and we reverse. *See Moran v. Washington*, 147 F.3d 839, 843 (9th Cir. 1998).

"[Q]ualified immunity shields public officials from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Biggs v. Best, Best & Krieger*, 189 F.3d 989, 993 (9th Cir. 1999) (internal quotations omitted). "[W]hether a government official is entitled to qualified immunity is a two-part inquiry: (1) whether the facts alleged, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right; and (2) whether that right was clearly established 'in light of the specific context of the case.'" *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1100 (9th Cir. 2011) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). We may begin our analysis with either prong. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

A government employer "[o]rdinarily . . . cannot fire or retaliate against an employee for his political opinions, memberships, or activities." *Bardzik v. Cty. of Orange*, 635 F.3d 1138, 1144 (9th Cir. 2011). However, under the "policymaker exception," "an employer may fire a public employee for purely political reasons if the employer can demonstrate that political considerations are 'appropriate requirement[s] for the effective performance' of the job." *Fazio v. City & Cty. of*

2

*San Francisco*, 125 F.3d 1328, 1332 (9th Cir. 1997) (quoting *Branti v. Finkel*, 445 U.S. 507, 518 (1980)). Under Ninth Circuit law "an employee's status as a policymaking or confidential employee [is] dispositive of any First Amendment retaliation claim." *Biggs*, 189 F.3d at 994–95.

We hold that a reasonable official in Fabela's position might have concluded that Ryan was a policymaker, and that Fabela is therefore entitled to qualified immunity. *See Hunt v. Cty. of Orange*, 672 F.3d 606, 615 (9th Cir. 2012). The policymaker inquiry is multi-factor and fact-intensive. *See id.* at 616. Here, no case is sufficiently analogous to have put Fabela on notice that Ryan's position as senior assistant counsel would fall outside the policymaker exception. We do not decide whether Ryan was a policymaker as a matter of law, only that his right not to be fired for political considerations was not "clearly established in light of the specific context of the case." *Clairmont*, 632 F.3d at 1100. We accordingly reverse the district court's denial of summary judgment and remand for entry of judgment in Fabela's favor.

**REVERSED AND REMANDED.**[1]

---

[1] The motion by the League of California Cities, California State Association of Counties & International Municipal Lawyers Association for leave to file amici brief in support of Fabela (Dkt. 21) is **GRANTED**.